NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGED HASHEM ABDULLAH AL QADASI, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   15-72502 <br><br> Agency No. A200-268-293 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Maged Hashem Abdullah Al Qadasi, a native and citizen of Yemen,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

_____

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that the harm Al Qadasi suffered in Yemen did not rise to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel the conclusion that petitioner's past harm constituted persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"). Substantial evidence also supports the agency's finding that Al Qadasi did not establish a well-founded fear of future persecution in Yemen on account of his political opinion or other protected ground. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Thus, his asylum claim fails.

In this case, because Al Qadasi failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

15-72502

Substantial evidence also supports the agency's denial of Al Qadasi's CAT claim because he failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Yemen. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

Finally, we reject Al Qadasi's contentions that the IJ did not consider all of his evidence or that the BIA failed to address legal errors.

**PETITION FOR REVIEW DENIED.**